NUMBER 13-10-00147-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

In the Matter of C.A.V., a Juvenile

                                                                                                                     
  

 

On appeal from the
Juvenile Court

of Victoria County,
Texas 

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Perkes   

Memorandum Opinion by
Justice Perkes  

        

            Appellant C.A.V. appeals the juvenile court’s
order that he be transferred from the Texas Youth Commission to the Texas
Department of Criminal Justice to complete his sentence.  See Tex. Fam. Code Ann. §§ 51.04(a), 54.11 (Vernon
2008 & Supp. 2010).  On December 12, 2007, C.A.V., as a juvenile, was
adjudicated guilty of arson and after a disposition hearing, he was committed
to the Texas Youth Commission under a determinate sentence of forty years.  See
Tex. Fam. Code Ann. §§ 53.045,
54.04 (Vernon 2008).  After C.A.V. reached the age of eighteen, the State requested
a transfer hearing to determine whether C.A.V. should be transferred to the
Texas Department of Criminal Justice for the completion of his determinate
sentence.  On February 18, 2010, the trial court held a transfer hearing.  At
the hearing, the State presented testimony from a psychologist and a Texas
Youth Commission employee concerning C.A.V.’s experiences, character, and progress
while committed to the Texas Youth Commission.  At the conclusion of the
hearing, the trial court ordered that C.A.V. be transferred to the custody of
the Texas Department of Criminal Justice to complete his sentence.  C.A.V. filed
a timely notice of appeal, and as discussed below, his court-appointed counsel
filed an Anders brief.  We affirm.            

I.      Anders
Brief

            Pursuant to Anders v. California, 386
U.S. 738, 744 (1967), C.A.V.’s court-appointed appellate counsel has filed a
brief and a motion to withdraw with this Court, stating that his review of the
record yielded no grounds of error upon which an appeal can be predicated.  In In
re D.A.S., the Texas Supreme Court held that the Anders procedure applies
to juvenile appeals and noted that although juvenile-delinquency proceedings
are classified as civil, they are quasi-criminal in nature.  973 S.W.2d 296,
298 (Tex. 1998).

            Counsel’s brief meets the requirements of Anders
as it presents a professional evaluation demonstrating why there are no
arguable grounds to advance on appeal.  See In re Schulman, 252 S.W.3d
403, 407 n.9 (Tex. Crim. App. 2008) (“In Texas, an Anders brief need not
specifically advance ‘arguable’ points of error if counsel finds none, but it
must provide record references to the facts and procedural history and set out
pertinent legal authorities.”) (citing Hawkins v. State, 112 S.W.3d 340,
343-44 (Tex. App.—Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).  In compliance with High v.
State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), C.A.V.’s
counsel has carefully discussed why, under controlling authority, there are no reversible
errors in the trial court’s judgment.  Counsel has informed this Court that he
has:  (1) examined the record and found no arguable grounds to advance on
appeal, (2) served a copy of the brief and counsel’s motion to withdraw on
C.A.V., and (3) informed C.A.V. of his right to review the record and to file a
pro se response.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period
of time has passed, and C.A.V. has not filed a pro se response.  See In re
Schulman, 252 S.W.3d at 409.

            The State did not file a response to
counsel’s Anders brief.  But this does not prevent this Court from
performing an independent review.  See Siverand v. State, 89 S.W.3d 216,
219-20 (Tex. App.—Corpus Christi 2002, no pet.) (performing an independent
examination of appellant’s issue on appeal when State did not file a response
brief).

II.   
INDEPENDENT REVIEW

            Upon receiving an Anders brief, we
must conduct a full examination of all the proceedings to determine whether the
case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988).  We
have reviewed the entire record and counsel’s brief and have found nothing that
would arguably support an appeal.  See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) (“Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of
appeals met the requirement of Texas Rule of Appellate Procedure 47.1.”); Stafford,
813 S.W.2d at 509.  There is no reversible error in the record.  Accordingly,
we affirm the trial court’s transfer order.

III.  
MOTION TO WITHDRAW

            In accordance with Anders, C.A.V.’s
attorney has asked this Court for permission to withdraw as counsel for C.A.V.  See
Anders, 386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408
n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas
1995, no pet.)  (noting that “[i]f an attorney believes the appeal is
frivolous, he must withdraw from representing the appellant.  To withdraw from
representation, the appointed attorney must file a motion to withdraw
accompanied by a brief showing the appellate court that the appeal is frivolous.”)
(citations omitted)).  We grant counsel’s motion to withdraw.  

            Within five days of the date of this Court’s
opinion, counsel is ordered to send a copy of this Court’s opinion and judgment
to C.A.V. and to advise him of his right to file a petition for further review.[2] 
See Tex. Fam. Code Ann. § 56.01(a)
(Vernon Supp. 2010); see also Tex.
R. App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35;
Ex parte Owens, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

                                                                                         ______________________

                                                                                         Gregory
T. Perkes

                                                                                         Justice

 

 

Delivered and filed the
10th

day of February, 2011.










[1] The Texas Court of Criminal Appeals
has held that “the pro se response need not comply with the rules of appellate
procedure in order to be considered.  Rather, the response should identify for
the court those issues which the indigent appellant
believes the court should consider in deciding whether the case presents any
meritorious issues.” In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex.
Crim. App. 2008) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex.
App.—Waco 1997, no pet.)).





[2] No substitute counsel will be appointed. 
Should C.A.V. wish to seek further review of this case by the Texas Supreme
Court, he must either retain an attorney to file a petition for review or file
a pro se petition for review.